IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL IAN BROWN,              )<br>                                             )<br>          Petitioner,            )<br>                                             )<br>     vs.                              )<br>                                             )<br>IVAN D. CLAY, Acting Warden,  )<br>                                             )<br>          Respondent.           )<br>_____)  | No. C 06-7140 CRB (PR)<br><br>ORDER |

Per order filed on March 19, 2008, the court granted respondent's motion to dismiss on the ground that petitioner did not exhaust state judicial remedies as to 22 of the 41 claims in the First Amended Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 ("FAP").  Pursuant to the law of the circuit, the court gave petitioner the option of either withdrawing his unexhausted claims and proceeding only on his exhausted claims, or of dismissing the entire mixed petition and returning to federal court with a new petition once all claims are exhausted.[1]

---

[1] Petitioner was also advised that he may be able to seek a stay of these proceedings if he can show that there was good cause for his failure to exhaust his unexhausted claims in state court, and that the claims are potentially meritorious.  See Rhines v. Webber, 544 U.S. 269, 277 (2005).

Petitioner has responded that he wishes "to drop the unexhausted claims and proceed with the exhausted claims." Good cause appearing therefor, the 22 unexhausted claims in the FAP are STRICKEN and the court's prior order to show cause is reinstated as to the remaining 19 claims.

Within 60 days of the issuance of this order, respondent shall file with the court and serve on petitioner an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within 30 days of his receipt of the answer.

SO ORDERED.

DATED: April 16, 2008

CHARLES R. BREYER
United States District Judge

G:\PRO-SE\CRB\HC.06\Brown, D.or6.wpd