IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DARRYL IAN BROWN, | ) | |
| Petitioner, | ) | No. C 06-7140 CRB (PR) |
| vs. | ) | ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS AND DENYING CERTIFICATE OF APPEALABILITY |
| IVAN D. CLAY, Acting Warden, | ) | |
| Respondent. | ) | |

Petitioner seeks a writ of habeas corpus under 28 U.S.C. § 2254. For the reasons set forth below, the petition is denied.

## STATEMENT OF THE CASE

After a jury trial in the Superior Court of the State of California in and for the County of San Francisco, petitioner was found guilty of inflicting corporal injury on a cohabitant, assault by means likely to produce great bodily injury, grand theft, pimping, and pandering. With enhancements for a prior "strike" conviction and for having served two prior prison terms, he was sentenced on August 1, 2003, to ten years in state prison.

The California Court of Appeal affirmed the conviction and sentence and the California Supreme Court denied a petition for review. Petitioner also filed four state habeas petitions, all of which were denied.

///

On November 17, 2006, petitioner filed the petition in this case. The court issued an order to show cause on February 26, 2007. After several extensions of time, respondent filed a motion to dismiss the petition on the ground that some of the claims were not exhausted. The motion to dismiss was granted on March 19, 2008. Petitioner was given the options of withdrawing his unexhausted claims, dismissing the entire petition, or asking for a stay. He elected to withdraw the unexhausted claims. As a result, only eighteen of his forty claims remain in the case.[1]

Respondent filed an answer on the merits of the exhausted claims on December 29, 2008. Petitioner filed a traverse on February 12, 2009, and on April 3, 2009, filed a motion for an evidentiary hearing.

## STATEMENT OF THE FACTS

The California Court of Appeal summarized the facts of the case as follows:

> Trial began in October 2002. At the start of trial, the court introduced the members of the jury to the support advocate and explained that "she is from the victim witness assistance program" and that she "may be present throughout the trial at different times." When Christie R., the 19-year-old prosecuting witness, took the stand, the prosecutor greeted her and said, "Are you a little nervous? It's understandable. I am, too, so there. Anyway, hang in there as best you can. You have your advocate there. If you need a break, we will certainly accommodate. So, do the best you can."

> Christie testified that she met defendant in March 2002, six months after moving to San Francisco from Los Angeles. The two began dating and she moved into his family's apartment. Christie had worked previously as an exotic dancer in Los Angeles, and she and defendant agreed that she would take a job stripping at a club in San Francisco. Christie quit, however, after only one week.

> Thereafter, defendant suggested that Christie work as a prostitute. He instructed her on what to do and how much to charge for her services. Each night she gave defendant the money she had earned because

---

[1] Petitioner numbered his claims one through thirty-nine in his First Amended Petition. There is no issue thirty-five, however, and there are two claim twelves and two claim twenty-ones. In consequence, he presented forty issues in the First Amended Petition. With the dismissal of twenty-two as unexhausted, eighteen remain.

defendant told her that after a few months they would get an apartment and he would pay for her to go to school. Christie continued living with defendant, working as a prostitute, and giving her money to him until July 2002.

On July 2, 2002, Christie and defendant quarreled over a bizarre incident involving the release of a female friend from jail and she decided to leave defendant and return to Los Angeles. However, on July 4, she was arrested in Oakland on an outstanding warrant. When she was released from jail on July 10, she ran into defendant outside of the building. She told defendant to leave her alone, but he said he wanted to talk to her. While they were talking, Christie's pager went off and defendant grabbed it. Christie testified that they went back inside the building where defendant hit her in the mouth, causing her lip to bleed. Christie ran to get help from a sheriff's deputy and defendant left. The deputy confirmed that Christie had a "fat lip" when she approached him.

There was testimony from additional witnesses, including a project coordinator for SAGE (Standing Against Global Exploitation), defendant's sister, and the owner of the strip club where Christie had worked. However, both the prosecution and defense agreed in closing argument that the case turned on Christie's credibility. The prosecutor's argument in support of Christie's credibility spans more than five pages in the reporter's transcript, at the conclusion of which the prosecutor urged the jury to "recall Christie's entire ... testimony. Recall her earnest, sincere way of testifying," and to "find her testimony concerning all of the[ ] charges credible." Defendant's attorney told the jury that "this case is about credibility. And this is the complete defense argument, credibility. Credibility and lack of corroboration."

The jury acquitted defendant of the July 2, 2002 charges, but convicted him of the remaining offenses. The trial court found true the special allegations. Thereafter, the court sentenced defendant to ten years in state prison. Defendant filed a timely notice of appeal.

People v. Brown, No. A103791, 2005 Cal. App. Unpub., 2005 WL 1399655 *1-2 (Cal. Ct. App. June 13, 2005).

## DISCUSSION

## I.    Motion for Evidentiary Hearing

Petitioner has filed a motion for an evidentiary hearing.

An evidentiary hearing is held in federal habeas cases only under the most limited circumstances.  Baja v. Ducharme, 187 F.3d 1075, 1077-79 (9th Cir. 1999). An evidentiary hearing on a claim for which the petitioner failed to develop a factual basis in state court can be held only if petitioner shows that: (1) the claim relies either on (a) a new rule of constitutional law that the Supreme Court has

made retroactive to cases on collateral review, or (b) a factual predicate that could not have been previously discovered through the exercise of due diligence, and (2) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense.  28 U.S.C. § 2254(e)(2)(A)-(B).  In short, if petitioner did not attempt to present in state court the facts he wishes to present now, for instance by attempting to develop them in his state habeas proceedings, he cannot do so now unless he can show that he meets the provisions of section 2254(e)(2) outlined above.

A prisoner "fails" to develop the factual basis of a claim, triggering § 2254(e)(2), if "there is lack of diligence, or some greater fault, attributable to the prisoner or the prisoner's counsel."  Williams (Michael) v. Taylor, 529 U.S. 420, 432 (2000).  "Diligence will require in the usual case that the prisoner, at a minimum, seek an evidentiary hearing in state court in the manner prescribed by state law."  Id. at 437.  Accordingly, where the prisoner has met the burden of showing he was diligent in efforts to develop the facts supporting his claims in state court, an evidentiary hearing may be held without regard to whether the "stringent" requirements of § 2254(e)(2) apply.  Id. at 437.

It is petitioner's burden to show that he attempted to develop the facts in state court but was prevented from doing so, for instance by the state court's denial of an evidentiary hearing.  Hutchison v. Bell, 303 F.3d 720, 747 (6th Cir. 2002)(requiring petitioner to demonstrate "sufficient diligence"); Baja, 187 F.3d at 1078-79.

Petitioner does not even address the issue of whether he attempted to develop the facts in state court; he simply asks that a hearing be granted to allow him to present certain evidence.  He thus has not carried his burden to show that he acted with due diligence in attempting to develop the facts in state court, whether by requesting an evidentiary hearing in state court or submitting declarations there.

4

He also has not attempted to show that the exceptions contained in section 2254(e)(2) apply to him.  The motion for an evidentiary hearing will be denied.

**II.    <u>Standard of Review</u>**

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).

The writ may not be granted with respect to any claim that was adjudicated on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  <u>Id.</u> § 2254(d).

"Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts."  <u>Williams v. Taylor</u>, 529 U.S. 362, 412-13 (2000).  "Under the 'reasonable application clause,' a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case."  <u>Id.</u> at 413.

"[A] federal habeas court may not issue the writ simply because the court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be unreasonable."  <u>Id.</u> at 411.  A federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was "objectively unreasonable."  <u>Id.</u> at 409.

The only definitive source of clearly established federal law under 28 U.S.C. § 2254(d) is in the holdings (as opposed to the dicta) of the Supreme Court as of the time of the state court decision.  Id. at 412; Clark v. Murphy, 331 F.3d 1062, 1069 (9th Cir. 2003).  While circuit law may be "persuasive authority" for purposes of determining whether a state court decision is an unreasonable application of Supreme Court precedent, only the Supreme Court's holdings are binding on the state courts and only those holdings need be "reasonably" applied.  Id.

**III.    Claims**

As grounds for federal habeas relief, petitioner contends that: (1) the state court of appeal failed to reach merits of issues; (2) permitting the prosecuting witness to testify with a victim support advocate without holding a hearing violated his right to a fair trial; (3) the use of the support advocate violated his right to confrontation because the defense had no opportunity to cross examine the support advocate; (4) the state court did not "start Mr. Brown[']s trial within 60 days," violating his right to a speedy trial and due process; (5) prosecution witnesses perjured themselves, violating his right to a fair trial; (6) his due process and equal protection rights were violated "when he was denied a ten day preliminary hearing;" (7) he was denied due process and equal protection "when the State court continued Mr. Brown's Arrai[gn]ment without holding a hearing to justify the delay;" (8) the court improperly instructed on lesser included offenses, violating his due process and equal protection rights; (9) the trial court erred in giving lesser included offense instructions which "thwarted the defenses;" (10) "[without] underlying the offense of prostitution there shouldn't be any reason to commit Brown to prison/false imprisonment;" (11) petitioner's constitutional rights were violated when "the S.A.G.E. program failed to provide patent material to the defense;" (12) the state secured a conviction by using false testimony, violating his right to a fair trial and confrontation; (13) "Government officials

6

convened fraudulently falsifying police reports," violating his right to due process; (14) his counsel was ineffective; (15) his Fourth Amendment rights were violated when the state failed to provide a prompt judicial probable cause hearing; (16) the testimony of victim Christie was inadmissible hearsay; (17) the state court failed to properly instruct the jury under CALJIC 17.01, which deals with the offense of pandering; (18) the presence of a support advocate pursuant to Penal Code section 868.5 violated his right to confrontation and a fair trial.[2]

## A.    Failure to Consider Supplemental Brief on Appeal

Petitioner's first exhausted claim, which is claim seventeen in the First Amended Petition, is that on direct appeal the California Court of Appeal failed to rule on claims he raised in a pro se supplemental brief. Petitioner was represented by counsel throughout the appeal.

Respondent contends that this claim is without merit because even constitutional errors in collateral review proceedings cannot be the basis for federal habeas relief. See Ortiz v. Stewart, 149 F.3d 923, 939 (9th Cir. 1998). Although the second half of this proposition is true, respondent provides no explanation why he considers a supplemental brief in a first appeal as of right to be "collateral." See Coe v. Thurman, 922 F.2d 528, 530-31 (9th Cir. 1990) ( rule that federal habeas relief not available for errors on collateral review not applicable to

---

[2]   In several of these issues petitioner contends that in addition to other rights, his equal protection rights were violated. In none of them has he provided any factual allegations regarding other persons who were similarly situated but treated differently. See City of Cleburne v. Cleburne Living Center, 473 U.S. 432, 439 (1985) (quoting Plyler v. Doe, 457 U.S. 202, 216 (1982)) ("The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike."). The equal protection claims therefore are summarily denied. See Rule 4 Advisory Committee Notes ("'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'") (quoting Aubut v. Maine, 431 F.2d 688, 689 (1st Cir. 1970)); Calderon v. United States Dist. Court (Nicolaus), 98 F.3d 1102, 1108 (9th Cir. 1996) ("Habeas petitions which appear on their face to be legally insufficient are subject to summary dismissal.") (Schroeder, J., concurring).

errors on direct appeal to the California Court of Appeal, which California guarantees). Perhaps it is, but because the claim is without merit for another reason, that issue need not be resolved.

Petitioner was represented on appeal. The Supreme Court has held that there is no constitutional right to represent oneself on direct appeal. <u>Martinez v. Court of Appeal of California</u>, 528 U.S. 152, 154, 163 (2000). Furthermore, a "defendant does not have a constitutional right to 'hybrid' representation." <u>United States v. Kienenberger</u>, 13 F.3d 1354, 1356 (9th Cir. 1994). Petitioner thus did not have a right to represent himself on appeal while simultaneously being represented by counsel, and the court of appeal's failure to consider his pro se brief, assuming that in fact the court did fail to consider it, was not a constitutional violation. *See McMeans v. Brigano*, 228 F.3d 674, 684 (2000) (no constitutional right for represented prisoner to file additional brief pro se). This claim is without merit.

### B.    Support Advocate

Two of petitioner's issues involve the trial court's allowing a "support advocate" to support the victim in her testimony.[3] He characterizes the first of these claims, number eighteen in the First Amended Petition, as being that the trial court violated his right to a fair trial by "[p]ermitting the prosecuting witness to testify with a victim support advocate – without even holding a hearing to determine whether the witness needed support." In the facts section of this claim he refers to the presence of the support advocate as also violating his confrontation rights.

Petitioner characterizes the second of the support advocate claims, number thirty-seven in the First Amended Petition, as "[t]he presence of a support advocate . . . [p]rejudicially violated [petitioner's] rights to confrontation and a fair

---

[3] Petitioner also contends that counsel was ineffective in failing to object to the use of the support advocate, a claim which is discussed in section N, contention five, below.

trial." In support of this claim he refers to an attached memorandum of points and authorities, which appears to be a relabeling of his opening brief in the direct appeal.

Respondent treats claim eighteen as being that petitioners's due process rights were violated by the failure to hold a hearing, and claim thirty-seven as being that his confrontation and due process rights were violated by the use of a support advocate at all, but in fact the two claims differ only in that claim eighteen contains a contention that petitioner had a free-standing constitutional right to a hearing. The procedural default analysis below applies to both claim eighteen and claim thirty-seven.

California law provides that "a prosecuting witness in a case involving a violation of section . . . 273.5 [] . . . shall be entitled, for support, to the attendance of up to two persons of his or her won choosing, one of whom may be a witness, at the preliminary hearing and at the trial . . . during the testimony of the prosecuting witness. Only one of those support persons may accompany the witness to the witness stand, although the other may remain in the courtroom during the witness's testimony." Cal. Penal Code § 868.5(a). The victim in this case had a "support advocate" who accompanied her to the witness stand.

In ruling on this claim, the only one brought on direct appeal, the California Court of Appeal said:

> Defendant contends that the presence of a support advocate pursuant to section 868.5 affects the jury's observation of the witness's demeanor, in violation of the defendant's Sixth Amendment right to confrontation, and erodes the presumption of innocence, violating the defendants right to due process. Defendant acknowledges, however, that the Courts of Appeal have unanimously rejected these arguments in holding that section 868.5 is not unconstitutional per se or inherently prejudicial. (See People v. Adams (1993) 19 Cal.App.4th 412, 442-443 (Adams ); People v. Patten (1992) 9 Cal.App.4th 1718, 1727 (Patten ).) We agree with the reasoning in these cases.
>
> "The confrontation clause requires that a witness give a statement under oath and submit to cross-examination, and that the jury be able ' "to observe the demeanor of the witness in making his statement, thus aiding the jury in assessing his credibility." ' " (Adams, supra, 19

Cal.App.4th at p. 437, citing <u>Maryland v. Craig</u> (1990) 497 U.S. 836, 846.) In <u>Adams</u>, the court recognized "that the procedure of allowing a witness to testify accompanied by another person at the witness stand has an effect on jury observation of demeanor" (<u>Adams</u>, supra, at p. 441) and that "[d]emeanor evidence is of considerable legal consequence. It can have a dispositive effect in the outcome of a case 'in which the existence or nonexistence of a determinative fact depends upon the credibility to be given to testimonial evidence.'" (<u>Id.</u> at p. 438.) Nonetheless, the court rejected the argument that section 868.5 is unconstitutional per se. (<u>Adams</u>, <u>supra</u>, at pp. 441-442.) The court found a compelling state interest in the protection of child witnesses and concluded that the statute is narrowly drawn to further that interest. (<u>Ibid.</u>) The court also rejected the defendant's claim that the support person procedure necessarily interferes with the presumption of innocence. "The procedure whereby the support person accompanies the witness at the stand is also not inherently prejudicial.... [¶] ... [¶] The presence of a support person at the stand does not necessarily rob an accused of dignity or brand him or her with an unmistakable mark of guilt. The presence of a second person at the stand does not require the jury to infer that the support person believes and endorses the witness's testimony, so it does not necessarily bolster the witness's testimony. Finally, the presence of a support person does not interfere with the decorum of the judicial proceedings." (<u>Id.</u> at pp. 436-437.)

However, based on decisions of the United States Supreme Court involving the use of special procedures to protect child witnesses (<u>Coy v. Iowa</u> (1988) 487 U.S. 1012, 1021; <u>Maryland v. Craig</u>, <u>supra</u>, 497 U.S. 836), the court held that before a witness may be accompanied by a support person during trial, the court must make an individualized finding that the support person is necessary to protect the psychological well-being of the witness. (<u>Adams</u>, <u>supra</u>, 19 Cal.App.4th at pp. 443-444; <u>but see People v. Lord</u> (1994) 30 Cal.App.4th 1718, 1721-1722 (<u>Lord</u>) [individualized finding need only be that the support person's attendance is desired by the prosecuting witness for support and will be helpful to the prosecuting witness].) In <u>Patten</u>, the court also held that section 868.5 is not unconstitutional because a support person can be utilized in a manner that does not interfere with the defendant's constitutional rights. (<u>Patten</u>, <u>supra</u>, 9 Cal.App.4th at pp. 1726-1727; <u>see also People v. Johns</u> (1997) 56 Cal.App.4th 550, 555-556 [use of support person does not interfere with confrontation right where support person sits unidentified in the public area of the courtroom].) The court noted, however, that "[i]n those cases where the procedures employed in the use of the support person might unfairly influence the jury's determination of credibility, the court should explore on the record the necessity of the procedure and explore the viability of other alternatives." (<u>Patten</u>, <u>supra</u>, at p. 1733.)

Defendant argues that the trial court erred by failing to hold a hearing to determine whether the support advocate was necessary to protect Christie's well-being. However, defendant "waived any claim of error by failing to request a hearing and determination of necessity, or otherwise object to the presence of a support person." (<u>Lord</u>, <u>supra</u>, 30 Cal.App.4th at p. 1722.) As explained in <u>Lord</u>, "The absence of an objection deprived the trial court of the opportunity to correct any procedural error and make an evidence-based finding that [the witness]

needed a support person." (Ibid.) Moreover, by failing to object or otherwise raise this issue in the trial court, defendant deprived this court of a sufficient record on which to base our review. "[T]here are numerous factors which come into play on the questions of whether there has been error or prejudice and whether the error rises to a constitutional level of a due process violation. It is critical that the appellate record reflect as clearly as possible all the factors bearing on the issue. At the least, the record should reflect who the support person is, the precise location of the support person during the witness's testimony, and any activities of the support person during the testimony.... Without a record detailing how the procedure was carried out, we can find no particular factors demonstrating that the jury may have been unfairly influenced by the presence of support persons." (Patten, supra, 9 Cal.App.4th at p. 1733.)

Defendant argues that the waiver rule is inapplicable because the constitutionality of a criminal statute may be challenged for the first time on appeal. This contention was properly rejected in Lord. (Lord, supra, 30 Cal.App.4th at p. 1722, fn. 2.) Defendant's argument "merely asserts the denial of a constitutional right to a necessity hearing, which like any right may be waived." (Ibid.) Not only did the absence of an objection deny the trial court the opportunity to correct the situation, but the record now before this court simply does not contain the information necessary to evaluate defendant's challenge. The record does not even indicate where the support advocate was located in relationship to the witness or to the jury,[footnote numbered 3 in original] much less why the advocate was deemed necessary, what interaction, if any, she had with the witness or the jury, or what alternatives might have ameliorated any problems that were perceived in the procedure that was used. In short, the record before this court provides no basis to conclude that the procedure utilized in this case violated any rights of the defendant or compromised his right to a fair trial.

People v. Brown, 2005 WL 1399655 at *2-4.

Respondent argues that this claim is procedurally defaulted and cannot be

pursued here.

A federal court will not review questions of federal law decided by a state

court if the decision also rests on a state law ground that is independent of the

federal question and adequate to support the judgment. Coleman v. Thompson, 501

_____

[4] Defendant's brief in support of his motion for a new trial asserted that defendant's trial counsel was ineffective because she "never objected to the presence of an alleged 'support person' who sat with Christie R. during the proceedings." However, the attorney who wrote the brief was not present during the trial and in all events the brief is not an adequate evidentiary record of the precise location and activities of the support person. Defendant has not raised this ineffective assistance of counsel argument on appeal.

U.S. 722, 729-30 (1991). In cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. Id. at 750. A petitioner must establish factual innocence in order to show that a fundamental miscarriage of justice would result from application of procedural default. Gandarela v. Johnson, 275 F.3d 744, 749-50 (9th Cir. 2002).

The court of appeal held that petitioner's failure to request a hearing on the necessity of a support advocate or to object her presence waived the claim. The Ninth Circuit has recognized and applied the California contemporaneous objection rule in affirming denial of a federal petition on grounds of procedural default where there was a complete failure to object at trial. See Inthavong v. Lamarque, 420 F.3d 1055, 1058 (9th Cir. 2005). There was a complete failure to object here, so this claim is procedurally defaulted, and because petitioner has not attempted to show cause and prejudice or a miscarriage of justice, the failure to object bars this court's consideration of claims eighteen and thirty-seven

Federal habeas relief cannot be granted on these claims.

**C.    Right to Cross Examine Support Advocate at Preliminary Hearing**

Petitioner contends that the "support advocate" was used at the preliminary hearing as well as at the trial, and that his confrontation rights were violated when he was not able to cross examine her at the preliminary hearing. As he concedes, there is nothing in the record to show that the victim was assisted by a support advocate at the preliminary hearing. The transcript of the preliminary hearing is in the record, as exhibit two, volume one, and nowhere in it is there any indication that the victim was assisted by a support advocate.

In the absence of any record that the victim was assisted by a support advocate at the preliminary hearing, this claim is without merit.

### D.   Speedy Trial

Petitioner contends that his federal due process and speedy trial rights were violated by the state's failure to bring him to trial within sixty days.

The "sixty days" standard to which petitioner refers in this issue is a state statutory standard. *See* Cal. Penal Code § 1382 (a)(2). Because violations of state law cannot be the basis for federal habeas relief, any violation of that standard is irrelevant here. *See Estelle v. McGuire*, 502 U. S. 62, 68 (1991). Petitioner's claim also will be considered under the federal constitutional speedy trial standard, however.

A speedy trial is a fundamental right guaranteed the accused by the Sixth Amendment to the Constitution and imposed by the Due Process Clause of the Fourteenth Amendment on the states. Klopfer v. North Carolina, 386 U.S. 213, 223 (1967). Although there are four factors that courts can consider in determining if there has been a violation of the constitutional right to a speedy trial, the first of these, the length of the delay, is both a factor and a triggering mechanism. Unless the delay was long enough to be considered "presumptively prejudicial," there is no necessity for inquiry into the other factors. Doggett v. United States, 505 U.S. 647, 651-52 (1992).

Depending on the nature of the charges, the lower courts have generally found post-accusation delay presumptively prejudicial at least as it approaches one year. Id. at 652 n.1; see, e.g., United States v. Mendoza, 525 F.3d 836, 839 (9th Cir. 2008) (ten year-delay was presumptively prejudicial); McNeely v. Blanas, 336 F.3d 822, 826 (9th Cir. 2003) (three-year delay was presumptively prejudicial); United States v. Gregory, 322 F.3d 1157, 1162 (9th Cir. 2003) (22-month delay between first superseding indictment and trial date was presumptively prejudicial but did not weigh heavily in defendant's favor because it was not excessively long);

United States v. Murillo, 288 F.3d 1126, 1132 (9th Cir. 2002) (delay of thirteen months between arrest and trial is presumptively prejudicial); United States v. Lam, 251 F.3d 852, 856 (9th Cir.), amended, 262 F.3d 1033 (9th Cir. 2001) (noting that Ninth Circuit has found that a six month delay constitutes a "borderline case" and that there is a general consensus among the courts of appeals that eight months is the threshold).

The delay in this case was approximately eighty-four days, from arrest to the commencement of trial; not even three months. This delay was not presumptively prejudicial. See United States v. Turner, 926 F.2d 883, 889 (9th Cir. 1991) (four month delay not presumptively prejudicial).

This claim, whether considered as a state law claim as petitioner has presented it or as a federal constitutional claim, cannot be the basis for federal habeas relief.

**E.   Witness Perjury**

Petitioner contends that his due process rights were violated when prosecution witnesses committed perjury. This is the first of two claim twenty-ones in the First Amended Petition. Petitioner lists a number of rather minor discrepancies between statements witnesses made at trial on direct and on cross, or at different times; and inconsistencies, again minor, between pretrial statements and testimony at trial. Many of these inconsistencies were pursued in cross examination, as respondent points out.

Although there is no federal constitutional right not to have perjured testimony introduced at a trial, there is a right not to have the prosecutor knowingly introduce such testimony. See United States v. Agurs, 427 U.S. 97, 103 (1976). In this case, however, petitioner has failed to identify anything in the record that suggests that the State was aware that the testimony was perjured. Without such evidence he does not have a basis for habeas relief. See Morales v. Woodford, 388 F.3d 1159, 1179 (9th Cir.2004). This claim is without merit.

### F.    Preliminary Hearing

Petitioner contends that he did not receive a preliminary hearing within ten days of his arraignment or plea, as required by California law.  *See* Cal. Penal Code § 859b.  Respondent contends that the hearing was held within the time allowed by Section 859b, but regardless of whether this is true, a state law violation cannot be the basis for federal habeas relief.  See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) (federal habeas unavailable for violations of state law or for alleged error in the interpretation or application of state law).  This claim is without merit.

### G.    Continuance of Arraignment

Petitioner contends that his due process and equal protection rights were violated "when the State court continued Mr. Brown's Arrai[gn]ment without holding a hearing to justify the delay."  Section 825(a)(1) of the California Penal Code requires that a defendant be taken before a magistrate with 48 hours after his or her arrest, excluding Sundays and holidays."  Petitioner was arrested on July 10, 2002, and on July 11 taken before a magistrate who found probable cause to detain him.  The next two days were Saturday and Sunday.  It is unclear whether there was another court proceeding immediately after the weekend; apparently a public defender represented him at some point, before private counsel appeared with petitioner on July 16, waived time, and pleaded not guilty.  All of this, however, is beside the point; as noted above, whether or not section 825(a)(1) was complied with, violations of state law cannot be the basis for federal habeas relief.  Estelle, 502 U.S. at 67-68.

It is possible that petitioner's complaint is not the actual delay in arraignment, if there was one, but rather the lack of a hearing to decide if the proceeding should be continued.  He provides no basis for believing that the federal Constitution requires such a hearing, although arguably if section 825(a)(1) contained "substantive predicates" and "mandatory language" it could create a liberty interest, of which he could not be deprived without due process.  See

Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 461 (1989). The statute does not, however, contain substantive predicates, i.e., it is not in "if X than Y" form, in which X would be the substantive predicate. And in any event the statute creates only a procedural requirement – hold the arraignment within 48 hours – which cannot be the basis for a federal due process requirement. See Olim v. Wakinekona, 461 U.S. 238, 250-51 (1983) (state statute imposing purely procedural requirement cannot create a liberty interest protected by federal due process).

This claim is without merit.

### H. Jury Verdict on Lesser Included Offenses

Petitioner contends that his due process and equal protection rights were violated when he was found guilty of the charged offenses on counts one and two, infliction of corporal injury on a cohabitant and assault by means likely to produce great bodily injury, but not guilty on the lesser included offenses. He points out that he could not have committed the greater offenses without having also committed the lesser.

Petitioner is wrong on the facts. The jury in fact did not return a verdict on the lesser offenses in counts one and two, because it had found him guilty of the charged offenses. CT at 92-93. Petitioner may be confusing these verdicts with those on counts six and seven, but there was no error as to those counts either; the jury found him not guilty of the charged offenses in counts six and seven, and also acquitted him of the lesser included offenses in those counts. CT at 97-102.

Federal habeas relief cannot be granted on this claim.

### I. Lesser Included Offense Instructions

Petitioner complains about the lesser included offenses that were instructed upon. This claim is very unclear, but it appears he is contending that giving the lesser included offense instructions violated his right to present a defense.

///

As respondent points out, under California law, simple assault and battery are lesser included offenses of infliction of corporal injury on a cohabitant, People v. Gutierrez, 171 Cal. App. 3d 944, 952 (1985), and simple assault is a lesser included offense of assault by means likely to produce great bodily injury, People v. Jones, 119 Cal. App. 3d 749, 754 (1981). And it is apparent from the court of appeal opinion, quoted above in the "Statement of the Facts" section, that there was evidence to support giving the instructions. The question, then, is whether giving the instructions, proper under California law, nevertheless violated the federal Constitution.

There is a constitutional right to put on a defense. Holmes v. South Carolina,, 547 U.S. 319, 1731 (2006) (whether right is rooted in the Due Process Clause of the Fourteenth Amendment or Compulsory Process Clause or Confrontation Clause, Constitution guarantees meaningful opportunity to present defense). But because petitioner's defense was to attack the victim's credibility, see RT at 477 (closing argument), giving instructions on the lesser included offenses could not have impeded the defense. That is, the defense was not of the "either/or" sort; it would not have been inconsistent with the defense for the jury to have believed the victim as to some points and disbelieved her as to others, and thus returned a guilty verdict on a lesser included offense. Giving the instructions at issue did not violate petitioner's constitutional right to present a defense.

It is also possible that petitioner is attempted to argue that giving the instructions on lesser included offenses allowed the jury to return a verdict based on the applicable penalty and that doing so created statute of limitations problems. The statute of limitations argument is irrelevant, given that petitioner was arrested two days after the offenses of which he was convicted. And his contention that giving the lesser included offenses somehow encouraged the jury to return a verdict based on the applicable penalty cannot be the basis for federal habeas relief because there is no clearly established United States Supreme Court authority

holding that doing so violates the Constitution.

Federal habeas relief cannot be granted on this claim.

**J.     Sufficiency of the Evidence**

Petitioner contends that there was not any evidence that the victim engaged in prostitution, so there was insufficient evidence to support his convictions of pandering and pimping.

The Due Process Clause "protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." In re Winship, 397 U.S. 358, 364 (1970). A state prisoner who alleges that the evidence in support of his state conviction cannot be fairly characterized as sufficient to have led a rational trier of fact to find guilt beyond a reasonable doubt therefore states a constitutional claim, Jackson v. Virginia, 443 U.S. 307, 321 (1979), which, if proven, entitles him to federal habeas relief, id. at 324. The federal court determines only whether, "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Id. at 319. Only if no rational trier of fact could have found proof of guilt beyond a reasonable doubt, may the writ be granted. Id. at 324

California law says that a person is guilty of pandering if he or she "[p]rocures another person for the purpose of prostitution" or "[b]y promises, threats, violence, or by any device or scheme, causes, induces, persuades or encourages another person to become a prostitute." Cal. Penal Code §§ 266i(a)(1)&(2). Pimping is committed by "any person who, knowing another person is a prostitute, lives or derives support or maintenance in whole or in part from the earnings or proceeds of the person's prostitution, or from money loaned or advanced to or charged against that person by any keeper or manager or inmate of a house or other place where prostitution is practiced or allowed, or who solicits or receives compensation for soliciting for the person." Id. at § 266h(a).

Petitioner's argument here is essentially that the victim's testimony should not have been believed. But when considering a sufficiency of the evidence claim, the Court must "view[] the evidence in the light most favorable to the prosecution." Jackson, 443 U.S. at 321. The court therefore must assume the truth of Christie's testimony. That testimony, summarized on pages two and three above, is more than sufficient to support the verdicts.

### K. Exculpatory Material

Petitioner contends that his rights were violated when the prosecutor failed to turn certain evidence over to the defense. Postconviction counsel, who was preparing a motion for new trial, filed what he captioned a "Motion to Compel Discovery" in which he cited Brady v. Maryland, 373 U.S. 83 (1963), and contended that the prosecutor had an obligation to turn over (1) contact information for the victim; (2) the "969(b) packet," which is a packet of documents the prosecutor puts together to prove strikes; (3) a police report on the victim's arrest for prostitution in Oakland; and (4) "[d]efense witness Engstrom Wheeler material." CT 2-3. Counsel conceded that the dispute as to the last three items had been resolved, the 969(b) packet being in the court file and the other two items having been provided. RT (3/21/2003) at 24. As to the contact information for the victim, the prosecutor agreed to ask the inspector in charge of the case to check again whether he had any more information than had been provided, and at a later hearing confirmed that the police had only a pager number for the victim. Id.

In Brady the Supreme Court held that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." Id. at 87. The Supreme Court has since made clear that the duty to disclose such evidence applies even when there has been no request by the accused, United States v. Agurs, 427 U.S. 97, 107 (1976), and that the duty encompasses impeachment evidence as well as exculpatory evidence,

United States v. Bagley, 473 U.S. 667, 676 (1985).  Evidence is material "if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different.  A 'reasonable probability' is a probability sufficient to undermine confidence in the outcome."  Brady, 373 U.S. at 682.

"There are three components of a true Brady violation: [t]he evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; that evidence must have been suppressed by the State, either willfully or inadvertently; and prejudice must have ensued."  Strickler v. Greene, 527 U.S. 263, 281-82 (1999).

As to the items sought by postconviction counsel from the prosecutor, petitioner has not established any of these three components.  First, because there is no showing what the sought evidence would have been, petitioner has not shown that it was favorable to him.  Secondly; he has not shown that the prosecution suppressed the evidence he sought; postconviction counsel conceded he had received three of the four items, and there is no evidence here to show that the prosecution had any better contact information than was provided to the defense.  Thirdly, he has not shown that the evidence he sought was material, that is, has not shown he was prejudiced.  To the extent this claim involves the discovery sought by postconviction counsel, it is rejected.

Petitioner also appears to contend that his due process rights were violated when his counsel was unsuccessful in subpoenaing information from SAGE and the Job Corps.[5]  The only information in the record is that SAGE is an independent nonprofit group, and that the Job Corps is a federal agency.  Information in the possession of either thus would not be Brady material constructively in the hands

_____

[5]  "SAGE" stands for "Standing Against Global Exploitation."  It is an "outpatient center" that helps "[those] who have suffered domestic violence, prostituted women, and exploited [sic]."  RT 340.

of the prosecutor.[6]   To whatever extent petitioner may be attempting to claim that his <u>Brady</u> rights were violated when the SAGE and Job Corps information was not turned over, the claim is denied because the information was not <u>Brady</u> material.

And if petitioner is trying to contend that the trial court's failure to enforce the subpoenas was a violation of due process in itself, independently of <u>Brady</u>, that claim is without merit because there is no federal Constitutional right to compliance with a subpoena.

Federal habeas relief cannot be granted on this claim.

**L.     False Testimony**

Petitioner contends that much of the victim's testimony was false, and that its admission violated his right to a "fair trial" and right to cross examine.  This is claim twenty-eight in the First Amended Petition.

Petitioner contended in the claim discussed in section E, above, that his due process rights were violated when prosecution witnesses committed perjury.  The discussion in section E covered the constitutional right to a fair trial, which is part of the right to due process, and the right to cross-examine, which is a Confrontation Clause claim.  For the reasons discussed in section E, this claim is without merit.

**M.     Police Reports**

Petitioner contends that his due process rights were violated because police reports were falsified.  This is issue twenty-nine in the First Amended Petition.

The only way in which this could state a federal constitutional claim is if it is construed as a claim that the prosecution knowingly presented the falsified police reports.  So construed, it is without merit for the reasons set out in section E, above.

**N.     Ineffective Assistance of Counsel**

---

[6]   Postconviction counsel conceded that <u>Brady</u> did not apply to the Job Corps information.  RT (4/14/03) at 28.

Petitioner contends that his trial counsel was ineffective. This is issue thirty in the First Amended Petition.

A claim of ineffective assistance of counsel is cognizable as a claim of denial of the Sixth Amendment right to counsel, which guarantees not only assistance, but effective assistance of counsel. Strickland v. Washington, 466 U.S. 668, 686 (1984). In order to prevail on a Sixth Amendment ineffectiveness of counsel claim, petitioner must establish that counsel's performance was deficient, i.e., that it fell below an "objective standard of reasonableness" under prevailing professional norms. Id. at 687-88. Second, he must establish that he was prejudiced by counsel's deficient performance, i.e., that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. A reasonable probability is a probability sufficient to undermine confidence in the outcome. Id.

It is unnecessary for a federal court considering a habeas ineffective assistance claim to address the prejudice prong of the Strickland test if the petitioner cannot even establish incompetence under the first prong. Siripongs v. Calderon, 133 F.3d 732, 737 (9th Cir. 1998). Similarly, a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as the result of the alleged deficiencies. Strickland, 466 U.S. at 697.

Petitioner first contends that counsel was ineffective in not raising the constitutional issues discussed in section G, above, in a motion to dismiss. There was no constitutional violation for the reasons discussed in section G, so such a motion would have failed if made. Counsel therefore was not ineffective in failing to make it. See Juan H. v. Allen, 408 F.3d 1262, 1273 (9th Cir. 2005) ( trial

///

///

///

counsel cannot have been ineffective for failing to raise a meritless motion).[7]

Petitioner's second contention is that counsel was ineffective in not objecting to the purported failure to hold the preliminary hearing within ten days, which would have been a violation of state law. This claim is the subject of section F, above. As respondent points out, the preliminary hearing was held within ten days. *See* CT 6, 14-15. Counsel therefore was not ineffective in failing to object.

Petitioner's third contention is that counsel was ineffective in not moving to dismiss on speedy trial grounds, the subject of section D, above. To the extent petitioner contends counsel should have raised a federal issue, doing so would have been futile for the reasons discussed in section D. Petitioner is also claiming that counsel should have moved to dismiss on state law speedy trial grounds, however. California law allows sixty days from arraignment to bring a defendant to trial, absent waiver. Cal. Penal Code § 1382(a)(2). The arraignment in this case was on July 16, 2002. Petitioner waived time form July 24, 2002, to August 12, 2002, a total of nineteen days. Jury selection began on October 2, 2002. There are seventy-eight days between July 16 and October 2, of which nineteen were waived. There thus were only fifty-nine chargeable days between arraignment and commencement of trial. The state speedy trial law was not violated, and counsel was not ineffective in failing to raise it as an issue.

Petitioner's fourth contention is based on his belief that counsel did not do enough to challenge the victim's testimony, testimony that he contends was perjured. He seems to argue that counsel should have filed a motion of some sort to exclude her testimony or to dismiss the case, but there is no obvious procedural

[7] Although petitioner does not argue it, counsel also was not ineffective in failing to contend that the arraignment was untimely under state law, because he was brought before a magistrate within the 48-hour period allowed by California law and because he was not prejudiced.

method by which counsel could have done that, at least on the basis that the testimony was expected to be at least partly false.[8]  In any event, counsel cross-examined the victim very thoroughly over two days, and the additional inconsistencies petitioner points to are quite minor and could not have affected the outcome.  *See* RT 216-302 (cross).  Counsel was not ineffective in challenging the victim's testimony.

Petitioner's fifth contention is that counsel was ineffective in not objecting to the presence of the "support advocate."  As the court of appeal noted, "the Courts of Appeal have unanimously rejected these arguments in holding that section 868.5 is not unconstitutional per se or inherently prejudicial."  People v. Brown, 2005 WL 1399655 at *2.  The court stated that it agreed.  Id.  Thus it is clear that an objection based on the proposition that the statute was unconstitutional on its face would have failed.  In addition, petitioner has not pointed to anything in the record that provides facts about the support advocate's participation, such as where she sat or what she did during the victim's testimony.  Because the propriety of a support advocate's presence is heavily dependent on the circumstances of the case, id. at *4, it is not possible to say in the circumstances of this case that counsel's decision not to object on the record was deficient performance.  Equally, because there is no way to tell whether an objection would have been successful and because there was overwhelming evidence of petitioner's guilt, petitioner has failed to establish prejudice.  Counsel was not ineffective in failing to object.

Petitioner's sixth contention is that counsel failed to investigate the case adequately and did not interview some witnesses.  Petitioner does not even allege what he thinks additional investigation would have revealed, much less point to anything in the record to support the claim.  The claim is without merit.  See Bragg

---

[8]  Petitioner also contends that counsel should have objected to the victim's testimony as irrelevant.  Such an objection would have been frivolous.

v. Galaza, 242 F.3d 1082, 1087 (9th Cir.), amended, 253 F.3d 1150 (9th Cir. 2001) (defendant's mere speculation that witness might have given helpful information if interviewed not enough to establish ineffective assistance).

Petitioner's seventh contention is that counsel was ineffective in not objecting to the trial court's giving CALJIC 2.90, regarding the presumption of innocence and proof beyond a reasonable doubt, on the grounds that it violated his right to a fair trial. As that instruction is not unconstitutional, objection would have been futile. See Lisenbee v. Henry, 166 F.3d 997, 999-1000 (9th Cir. 1999). Failure to object to the instruction was not ineffective assistance.

Petitioner's eighth contention is that counsel was ineffective in not objecting to the presence of a support advocate at the preliminary hearing. There is nothing in the record indicating that a support advocate was used there. This claim is without merit.

None of petitioner's ineffective assistance contentions have merit. The denials of his ineffective assistance claims by the state courts were not contrary to, or unreasonable applications of, clearly established United States Supreme Court authority.

**O.      Probable Cause for Detention Hearing**

Petitioner contends that his Fourth Amendment rights were violated when he was not provided with a probable cause hearing within forty-eight hours of his arrest. This is claim thirty-one in the First Amended Petition. Petitioner describes this claim in the section heading as being based on his "14 Amendment right;" in the facts section he claims his Fourth Amendment right was violated and also mentions due process.

First, petitioner was arrested on July 10, 2002, and received a probable cause hearing on July 11. CT 1. The hearing thus was held within forty-eight hours. This disposes of all his claims, whatever amendment is invoked.

///

Secondly, to the extent this is a Fourth Amendment claim, it cannot be the basis for federal habeas relief.  See Stone v. Powell, 428 U.S. 465, 481-82, 494 (1976) (no federal habeas review of Fourth Amendment claims unless state did not provide opportunity for full and fair litigation of those claims); Anderson v. Calderon, 232 F.3d 1053, 1071 (9th Cir. 2000), overruled on other grounds by Osband v. Woodford, 290 F.3d 1036 (9th Cir. 2002) (Stone v. Powell bars federal habeas review of prompt presentation claim because it arises from the Fourth Amendment).

Petitioner's right to a prompt probable cause hearing before a magistrate was not violated.

**P.      Hearsay**

Petitioner's claim that certain statements of the victim to police were inadmissible hearsay cannot be the basis for federal habeas relief.  See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) (federal habeas unavailable for violations of state law or for alleged error in the interpretation or application of state law). The claim is without merit.

**Q.      Pandering Instruction**

Petitioner contends that his due process rights were violated by the pandering instruction given by the trial court.  The instruction given by the court, CALJIC 10.71, set out the elements of pandering.  It lists various means of procuring a person for purposes of prostitution, and requires that "the person procuring, causing, inducing, persuading, or encouraging, engaged in that conduct with the specific intent to influence the other person to *become or continue to be* a prostitute."  RT 449 [emphasis added].  Petitioner claims that in the form instruction the words italicized in the quotation above are in brackets, suggesting that one or the other should be chosen:  [become] [or] [continue to be].  He contends that the court's failure to chose one or the other violated his due process rights.

Under California law, pandering can be committed even if the other person already is a prostitute.  See People v. Cason, No. E047440, 2009 WL 4548313 at *9 (Cal. App. Dec. 7, 2009).  The instruction as given thus was a correct statement of California law.  It may not have been narrowly tailored to the circumstances of this case, but there was no violation of California law, much less due process.  This claim is without merit.

## CONCLUSION

Petitioner's motion for an evidentiary hearing (document number 44 on the docket) is DENIED.  For the foregoing reasons, the petition for a writ of habeas corpus is DENIED.

The clerk shall enter judgment in favor of respondent and close the file.

SO ORDERED.

DATED:   Dec. 30, 2009

_____
CHARLES R. BREYER
United States District Judge